The judges of the magisterial and municipal courts, hereinafter referred to as "summary courts", of South Carolina being a part of the uniform statewide judicial system and pursuant to the provisions of Section 4, Article V, South Carolina Constitution,
IT IS ORDERED that the judges of the magisterial courts listed below be designated as Chief Judge or Associate Chief Judge for Administrative Purposes of the Summary Courts in the counties in which they hold office.
Judge S.G. Gladden
Abbeville County
Judge C.S. Insley
Aiken County
Judge D.H. Williamson
Associate Chief Judge
Aiken County
Judge W.D. Branch, Jr.
Allendale County
Judge N.W. Devine
Anderson County
Judge R.C. Threatt
Bamberg County
Judge J.W. Gantt
Barnwell County **380 Judge L.J. Holland, Jr.
Associate Chief Judge
Barnwell County
Judge L.P. McElynn
Beaufort County
Judge R.H. Sproatt
Associate Chief Judge
Beaufort County
Judge A.E. Bryant
Berkeley County
Judge R.H. Lake
Calhoun County
Judge E.S. Steinberg
Charleston County
Judge L. Linen
Associate Chief Judge
Charleston County
Judge R.B. Howell
Cherokee County
Judge B.H. Cameron
Chester County
Judge G.R. Faulkenberry
Chesterfield County
Judge D.W. Dyches
Associate Chief Judge
Chesterfield County
Judge J.L. Coney
Clarendon County
Judge K.A. Campbell, Jr.
Colleton County
Judge J.R. Edwards
Darlington County
Judge D.B. Curtis
Associate Chief Judge
Darlington County
Judge M.D. Hayes
Dillon County
Judge C.D. Spivey
Associate Chief Judge **381 Dillon County
Judge K.L. Patton
Dorchester County
Judge P.B. Shelbourne
Associate Chief Judge
Dorchester County
Judge B.B. Carpenter
Edgefield County
Judge W.F. Pope
Fairfield County
Judge S.M. Grimsley
Florence County
Judge I.L. Pyatt
Georgetown County *757 Judge L. Foster
Greenville County
Judge M.C. Edmonds
Associate Chief Judge
Greenville County
Judge B.S. McGuire
Greenwood County
Judge C.R. Johnson
Associate Chief Judge
Greenwood County
Judge C.A. Williams
Hampton County
Judge M.B. Livingston
Horry County
Judge A.C. Butler
Associate Chief Judge
Horry County
Judge S.J. McDonald
Jasper County
Judge D.D. Lynah **382 Associate Chief Judge
Jasper County
Judge R.M. Todd, Jr.
Kershaw County
Judge W.D. Corbett
Associate Chief Judge
Kershaw County
Judge J.M. Pope
Lancaster County
Judge P.D. Lyles
Laurens County
Judge J.S. Scarborough
Lee County
Judge S.C. Davidson
Associate Chief Judge
Lee County
Judge G.W. Reinhart
Lexington County
Judge R.L. Adams
Associate Chief Judge
Lexington County
Judge D.O. Barker
Marion County
Judge R.K. McDonald
Marlboro County
Judge P.L. Smith
McCormick County
Judge B.S. Koon
Newberry County
Judge M.T. Simmons
Oconee County
Judge B.A. Norton
Associate Chief Judge
Oconee County
Judge D.F. Dash
Orangeburg County
Judge P.D. Doremus **383 Associate Chief Judge
Orangeburg County
Judge B.E. Anders
Pickens County
Judge D.J. Simons
Richland County
Judge K.D. Shealy
Associate Chief Judge
Richland County
Judge J.B. Shults
Saluda County
Judge D.J. Turner
Spartanburg County
Judge J.T. Wall
Associate Chief Judge
Spartanburg County
Judge K.F. Curtis
Sumter County
Judge B.K. Griffin
Associate Chief Judge
Sumter County
Judge J.D. Crocker
Union County
Judge D.F. Williams
Williamsburg County
Judge R.B. Foxworth
Associate Chief Judge
Williamsburg County
Judge L.H. Benfield
York County *758 **384 A Chief Judges' authority shall include, but not be limited to, the following:
1. Coordinate with the Office of South Carolina Court Administration on all matters pertaining to summary court judges in the county.
2. Coordinate the activities of the summary court judges of the county with other affected persons and/or agencies to insure cooperation and effective judicial service.
3. Establish with the other magistrates of the county, a schedule so arranged that a magistrate will be available, in person or on call, in the county to issue warrants and conduct bail proceedings. The bail proceedings schedule shall be in compliance with the provisions of the Order of the Chief Justice dated September 19, 2007, outlining certain bond procedures in those courts. The Chief Judge shall also inform the municipal courts of the details of the county magisterial court schedule, to insure the availability of a magistrate to issue warrants and conduct bail proceedings for the municipal courts when the municipal judge is unavailable. After hours and weekends does not constitute unavailability in and of itself. Establish a procedure with all municipal courts within the county whereby they provide the Chief Judge with a monthly bond schedule indicating their availability for bond court. Monitor all summary court judges within the county to insure compliance with the above referenced Order dated September 19, 2007. The monitoring shall include, but shall not be limited to, insuring that bond hearings are being conducted twice daily, insuring that defendants' and victims' constitutional and statutory rights are being upheld, insuring that cash bonds only and excessive bonds are not being required, and insuring that no irregular practices as outlined in the above referenced Order are occurring.
4. Establish within the county a procedure to ensure that Certificates of Transmittal are completed and the appropriate **385 documents (warrants or other charging papers, checklists, bond forms, and checks for cash bonds received) are attached and transmitted within fifteen (15) days to the appropriate magistrate, municipal judge or Clerk of Court of General Sessions having jurisdiction over the case.
5. Call a meeting at least on a quarterly basis of all summary court judges in the county to formulate procedures which establish uniformity of procedures in the county summary court system. Require that all summary court judges who have court bank accounts bring to the quarterly meetings documentary proof of all monthly reconciliations of those bank accounts since the previous quarterly meeting. A minimum of one municipal judge from each municipality within the county shall be required to attend these meetings.
6. Coordinate the planning of budgets for the magistrates in the county, with those magistrates' input, and appear before the county governing body to present and justify the budget requests.
7. Attend schools and meetings for Chief Judges called to implement policies and procedures under this and other Orders.
8. Set terms of court, both civil and criminal, when terms are necessary for the disposition of any cases within the jurisdiction of the magisterial court.
9. Provide for the orderly assignments of any case within the jurisdiction of the magisterial court to any magistrate of the county, regardless of whether the case is transferred from circuit court or originally filed in the magisterial court.
10. Designate the hours of operation of each magistrate's court office in the county, and designate the hours during which each magistrate shall be present in the office, based upon the number of hours fixed for each magistrate by the county governing body.
*759 11. Collect from the other magistrates in the county on a quarterly basis and review information concerning the age of pending civil and criminal cases to insure that all civil cases are disposed of within ninety days of filing and that criminal cases are disposed of within sixty days of arrest.
**386 12. When any summary court judge in the county dies, retires, is suspended, goes out of office, becomes incapacitated, is unable to perform the duties of their office, and when a successor has not been nominated or qualified, the Chief Judge shall immediately take custody, or provide for the orderly transfer, of all records, to include past and present, civil and criminal docket books, warrant books, receipt books, financial records including official checking account statements and stubs, bank accounts and any funds contained therein, Acts and Joint Resolutions, the Code of Laws, Bench Books, pending and disposed warrants, tickets, NRVC's, and other court records.
13. Insure that the Office of Court Administration is provided written notification of the appointment, retirement, resignation, suspension or death of any summary court judge, whether municipal or magistrate, within the county.
14. Appoint, coordinate, and assign constables throughout the County, in those Counties that utilize constables, so as to insure cooperation and effective judicial service.
15. Establish within the county a procedure with all summary court judges and appropriate public officials to ensure that court generated revenues are collected, distributed, and reported in an appropriate and timely manner.
16. Monitor all requests for recusals countywide. When all magistrates have recused themselves from a particular case in order to avoid the appearance of impropriety, the Chief Judge shall request from the Chief Justice, by and through Court Administration, a judge from outside of that County be assigned to dispose of the case by order of the Chief Justice.
17. Report to the Office of Court Administration any significant or repetitive non-compliance by any summary court judge in the county concerning the Chief Judge's execution of the provisions of this Order.
No order issued by the Chief Judge under the authority of this Order shall be effective unless the order is filed with the Office of South Carolina Court Administration and approved for consistency with statewide administrative policies.
Associate Chief Judges appointed in this Order shall act in the absence or disability of the Chief Judge. They shall also **387 perform administrative duties that are assigned to them by the Chief Judges.
The authority conferred on the Chief Judges and Associate Chief Judges for Administrative Purposes of the Summary Courts by this Order shall become effective on July 1, 2016 and shall continue through December 31, 2016 unless amended or revoked by Order of the Chief Justice.
s/Costa M. Pleicones
Costa M. Pleicones
Chief Justice of South Carolina